## O. Webber v. G. Gottschalk.

Where a contractor brought suit for the price of a banquet or side-walk made in front of defendant's property, pursuantly to a contract entered into with the city authorities, and it was contended by defendant that the plaintiff should be nonsuited, because he did not prove "that the petition for the paving of the side-walk was signed by one-fourth of the property holders," and "that the necessary publications, as required by the 119th section of the Act of 1856, were given,"—*Held :* That, in the absence of proof to the contrary, the city authorities will be presumed to have complied with the law in that respect : *omnia præsumuntur solemniter esse acta.*

APPEAL from the Second District Court of New Orleans, *Morgan,* J.

*Clarke & Bayne,* for plaintiff.   *M. Grivot,* for defendant and appellant.

Voorhies, J.   The plaintiff sues the defendant for the price of a banquette or side-walk made in front of the latter's property pursuantly to a contract entered into with the city authorities.

The main defence is, that the contractor did not comply with the stipulations of the contract.   The evidence on this subject is conflicting.   The Street Commissioner refused to accept the work; but the Common Council, upon a report made by commissioners, themselves members of the Board, concluded otherwise. The District Judge was of opinion, that the contractor had complied with the stipulations of the contract; and, under the circumstances, we do not feel authorized to disturb his opinion.

There is, in the record, a bill of exceptions to the admissibility of proof that the work had enhanced the value of the defendant's property.   As this proof has no influence on the matters at issue, it is useless to decide whether the exception was well taken.

In the brief, it is contended that the plaintiff should be nonsuited, because he did not prove "that the petition for the paving of South Poydras Street side-walk was signed by the one-fourth of the property holders," and "that the necessary publications, as required by the 119th section of the Act of 1856, were given."

The defendant, in his answer, joins issue with the plaintiff, on the allegation that the work was not done according to the contract; but is silent as to the validity of the adjudication of the contract.

In the absence of proof to the contrary, we will presume that the city authorities have complied with the law in that respect : *omnia præsumuntur solemniter esse acta.*

Judgment affirmed.

Duffel, J., absent.